## State of Louisiana v. Slave Jack.

Under the 11th section of the Act of 1806, which embraces every species of criminal homicide known at common law, and the subsequent legislation on the subject, a slave may be found guilty of man- slaughter.

The Act of 1857 notices only the crime of willful murder committed by a slave, but is silent as to any other species of homicide. It cannot, however, be supposed, that it was intended to do away with the prosecution of criminal homicides short of willful murder.

The 35th section of the Act of 1857 provides, "That in all cases where a slave is charged with a crime punishable with death, or imprisonment at hard labor for life, the jury shall have a discre- tionary power to commute the penalty and inflict a lesser punishment.

Section 29th, Act of 1857, declares that, "Whenever the punishment is left by law to the discretion of the court, it shall in no case extend to the privation of life or limb.

APPEAL from the First District Court of New Orleans, *Hunt*, J. *E. W. Moïse*, Attorney General, for the State, appellant. *Race & Foster*, for appellee.

VOORHIES, J. The prisoner, prosecuted for the murder of the slave *Joe*, was found guilty of manslaughter by the jury, who thereupon decreed his punishment by five years imprisonment with hard labor, and the infliction of the whip at stated periods during the incarceration.

The verdict of the jury was set aside, and judgment arrested by the District Judge, on the ground, that a slave cannot, under our laws, be found guilty of the crime of manslaughter, and because the commutation of punishment in the case at bar, apart from the cruelty of the substituted penalty, is unwarranted in law.

The Attorney General appealed.

By the Act of 1806, all homicides committed by slaves, except such as are the result of accident, or take place in the defence of their masters or employers, are punished capitally. Vide Act 1806, p. 202, sec. 11. This section stands unre- pealed up to the present time ; for the subsequent statutes passed by the Legisla- ture for the purpose of punishing the willful murders committed by slaves, were but the re-enactment, to that extent, of the 11th section of the Act of 1806, which embraced every species of criminal homicide known at common law. As the law stood prior to the Act of 1857, a slave might be found guilty of the crime of manslaughter ; and we have abundant authority to that effect. 11 An. 736, *State* v. *Adeline;* 3 An. 398, *State* v. *Lewis;* 6 An. 595, *State* v. *Jackson;* 10 An. 461, *State* v. *Dick.*

The Act of 1857 notices only the crime of willful murder, committed by a slave, but is silent as to any other species of homicide ; it cannot, therefore, be seriously contended, that its repealing clause has done away with all prosecutions for crimi- nal homicide short of willful murder, as were provided for by anterior legislation. A different construction would, besides, lead to the absurdity, that the slave, un- like the freeman, is at liberty to perpetrate any homicide, except willful murder : a state of things which, it will be admitted at once, never was contemplated by the Legislature.

The verdict found by the jury against the prisoner, *Jack*, was manslaughter, a species of criminal homicide punishable capitally, when committed by a slave. The action of the jury, so far, was in accordance with the statute ; but, had they the right to substitute for the death penalty, the punishment by incarceration in the State Prison, coupled with the lash ?

49

The 35th section of the Act of 1857, (p. 233,) provides, "That in all cases where a slave is charged with a crime punishable with death, or imprisonment at hard labor for life, the jury shall have a discretionary power to commute the penalty, and inflict a lesser punishment."

The statute leaves it to the sound discretion of the jury to *substitute* the lesser for the greater penalty : that is the meaning of the commutation of punishment there provided for. And as regards the limits imposed by law in the exercise of the discretionary power of punishment, vested in the special tribunal for the trial of slaves, the 29th section of the Act of 1857, p. 232, is explicit :—" Whenever the punishment is left by law to the discretion of the court, it shall in no case extend to the privation of life or limb."

By the former laws, now repealed, as being upon the same subject matter, the rule was : " That in all cases where capital punishment, or imprisonment at hard labor for life, is inflicted for any crime committed by a slave, the jury trying the same shall, in its discretion, pronounce sentence of death, imprisonment at hard labor for life, or for a shorter term in prison, or in irons in the service of his master, or order that corporeal punishment be inflicted." Act 1843, sec. 7. As the matter now stands, the jury may apply any lesser punishment, provided it " does not extend to the privation of life or limb." Had the discretion of the jury, in the case at bar, been subject to be regulated by the provisions of the Act of 1843 , we would have had to consider the question raised by the prisoner's counsel, as to whether both corporeal punishment and imprisonment at hard labor could be inflicted. But as the law now stands, this question cannot arise, and we think, that the infliction of both, as stated in the verdict of the jury, was a lesser punishment in comparison with the death penalty, and that the District Judge should have passed sentence accordingly.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; that this case be remanded ; that the verdict of the jury be reinstated, and that the District Judge pass sentence in accordance with said verdict.

MERRICK, C. J., took no part in this case.